In the Matter of the Judicial Settlement of the Account of Proceedings of ALBERTO MORFESI, as Executor of the Estate of ANTOINETTA BARTILUCCI, Late of Queens County, Deceased. JOSEPH SPOLIDORO, Appellant; ALBERTO MORFESI, as Executor, etc., of ANTOINETTA BARTILUCCI, Deceased, Respondent.— Appeal by a creditor of an estate from an order of the Surrogate's Court, Queens County, denying a motion to punish the executor of the estate for contempt for failure to pay his own indebtedness to the estate. Order affirmed, without costs. The case is not one in which an executor may be punished for contempt (*Baucus* v. *Stover*, 89 N. Y. 1, 5), and the debt was duly discharged in bankruptcy before this application was made. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Judicial Settlement of the Account of Proceedings of CECELIA PURCELL, as Executrix, etc., of GRACE L. STAFFORD, Deceased. FRANK J. RIORDAN, Appellant; CECELIA PURCELL, as Executrix, etc., of GRACE L. STAFFORD, Deceased, Respondent.— In a proceeding for the judicial settlement of the respondent's account as executrix of the estate of Grace L. Stafford, deceased, appellant filed objections and asserted a claim representing the balance due on a promissory note made by testatrix's husband. Testatrix was the administratrix and sole beneficiary under her husband's will. Testatrix promised appellant that if he would not file a claim against her husband's estate, she would pay interest on the amount due until the estate was closed and " some bonds " were sold, at which time she would pay the $4,000. Relying upon this promise, appellant did not file a claim and the testatrix paid monthly installments of interest for approximately two years, and thereafter made quarterly payments of interest for approximately three years. Testatrix's promise was embodied in a letter dated June 21, 1932. The contents of this letter were proved by secondary evidence. The surrogate disallowed the claim. In our opinion the testatrix's promise to pay the $4,000 was clearly established and appellant's forbearance was adequate consideration for the promise. Therefore, the claim should have been allowed. (*Scherer* v. *East Side Nat. Bank*, 263 N. Y. 190; *Hall* v. *Richardson*, 22 Hun, 444; affd., 89 N. Y. 636.) Decree of the Queens County Surrogate's Court, in so far as appealed from, reversed on the law and the facts, with costs to appellant, payable out of the estate, appellant's claim allowed, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.